UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **TOMMY LOUIS DAVIS** | **CIVIL ACTION NO. 09-1740** |
| **LA. DOC #345339** | |
| VS. | **SECTION P** |
| | **CHIEF JUDGE JAMES** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Tommy Louis Davis, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on October 1, 2009.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. Petitioner attacks his conviction for attempted second degree murder in Louisiana's Fourth Judicial District Court, Ouachita Parish.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

Petitioner's hand writing and prose are very difficult to decipher. Nevertheless, the pleadings and exhibits, along with the presumptively reliable published jurisprudence of the State of Louisiana establish the following facts:

1. Plaintiff was arrested and charged with attempted second degree murder following an April 28, 2004, incident in which he was accused of stabbing his former girlfriend numerous

times.

2. On some unspecified date he was tried and found guilty as charged. Thereafter, on some unspecified date he was adjudicated a second felony offender and sentenced to serve forty years at hard labor.

3. Petitioner appealed his conviction, adjudication, and sentence to the Second Circuit Court of Appeals. On August 9, 2006, the Court of Appeals affirmed his conviction but vacated the habitual offender adjudication and sentence and remanded to the trial court for re-sentencing. The State's application for rehearing was denied on September 21, 2006. *State of Louisiana v. Tommy Louis Davis*, 41,245 (La. App. 2 Cir. 8/9/2006), 937 So.2d 5, rehearing denied, 9/21/2006.

4. On January 10, 2007, he was returned to the Fourth Judicial District Court and re-sentenced to serve 25 years at hard labor. [Doc. 1, p. 16, Court Minutes]

5. Petitioner appealed arguing excessiveness of sentence. On January 9, 2008, his sentence was affirmed and his request for rehearing was denied on February 7, 2008. *State of Louisiana v. Tommy Louis Davis*, 42,907 (La. App. 2 Cir. 1/9/2008), rehearing denied 2/7/2008.

6. Petitioner did not seek further direct review in either the Louisiana Supreme Court or the United States Supreme Court.[1]

7. On September 17, 2008, petitioner filed a *pro se* "rambling filing" in the Fourth Judicial District Court. The filing was construed as an Application for Post-Conviction Relief

---

[1] See Doc.1, ¶9 – Petitioner indicated that this Court is the highest court in which he has presented his claims for relief. He also indicates that he sought review in the United States Supreme Court, but then provides the Fourth Judicial District Court Docket Number. Further, a review of the presumptively reliable published jurisprudence of the State of Louisiana and United States Supreme Court reveal no writ judgments involving this petitioner.

and the Fourth Judicial District Court denied relief on the merits on September 19, 2008. [Doc. 1, p. 18]

8. On October 8, 2008, petitioner applied for writs in the Second Circuit Court of Appeals. His writ application was assigned Docket Number 44,117-KH. On October 22, 2008, this writ application was denied. *State of Louisiana v. Tommy Louis Davis*, No. 44, 117-KH (La. App. 2 Cir. 10/22/2008). [Doc. 1, pp. 19-20] Again, petitioner did not seek further collateral review in the Louisiana Supreme Court. [Doc. 1, ¶15]

9. Petitioner signed his federal *habeas corpus* petition on September 28, 2009, [Doc. 1, p. 15]; he mailed it on September 30, 2009, [Doc. 1, pp. 27-28] and it was received and filed on October 1, 2009. He argues three claims for relief which are virtually impossible to decipher.[2]

*Law and Analysis*

*1. Limitations – 28 U.S.C. §2244(d)(1)(A)*

---

[2] **Ground One**: "... He Tommy Louis Davis #345339 fired several shots in a bar room at Victoria D. Moore the sentence is crime preponderance of the charged petitioner was not Miranda of any evidence that requires this charge beyond cruel and unusual punishment to inflict this charge in the records for the supreme judge to identify these names and the documents records witness to support that statement."

**Ground Two**: "Detective mark Nappier testimony that Victoria D. Moore was only stab below the chest and back shoulder. Dr. Terry testified that none of the victim injuries were life threatening except the one result in the lung, the other wounds were not to be considered serious or life threatening based on the Dr. Kerrys Paper Case it was a battery judys testimony and the totality of the evidence aggravated battery Dim tices aduced at the trial could not have concluded that the defendant intended to kill Victoria Moore if so he would have chosen a new different locations on the body such as the throat to ensure the injuries that he not wanted to try kill her further the Dr. Robert Kerry therefore he did meet its burden of proof. expet in a battery assault."

**Ground Three**: "In the receiving concrete before and the arrest parish officials assaulted the plaintiff by torts alleges and a city officer performed attack by physical hands doing the arrest by assaulting him threatening kill him and members of his former baby mother mom family these arresting process subsequent the problems with these officials before the conflicts." [Doc.1, pp. 5-8]

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner was successful in his appeal of the habitual offender adjudication; his case was remanded for re-sentencing, and, following re-sentencing, petitioner timely appealed this new sentence as excessive. His sentence was affirmed and rehearing was ultimately denied on

---

[3] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

February, 7, 2008. *State of Louisiana v. Tommy Louis Davis*, 42,907 (La. App. 2 Cir. 1/9/2008), rehearing denied 2/7/2008. As noted above, he did not seek further direct review in either the Louisiana or United States Supreme Court [Doc. 1, ¶9(g)], therefore his judgment of conviction "... became final by ... expiration of the time for seeking [further direct] review..." under 28 U.S.C. §2244(d)(1)(A) when the 30-day period for seeking further direct review pursuant to Louisiana Supreme Court Rule X, §5(a) expired, or, on or about March 10, 2008.[4]

Thereafter, petitioner had one year, or until March 10, 2009, to file his federal *habeas corpus* suit. Petitioner filed a timely application for post-conviction relief on September 17, 2008, and pursuant to the tolling provision of 28 U.S.C. §2244(d)(2) he was able to toll the period of limitations during the time that this post-conviction proceeding was pending. However, a period of 192 days (or 6 months and 8 days) of the 1-year limitations period elapsed before he filed his application for post-conviction relief, and, as noted above, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court must be counted against the one-year limitation period. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998). His state post-conviction litigation remained pending until October 22, 2008 when the Second Circuit Court of Appeals dismissed his writ application and after that date, his state action ceased to be properly filed or

---

[4] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..." Uniform Rules, Courts of Appeal Rule 2-16.4 provides, "In every case, one copy of the published or unpublished opinion, when rendered, shall be delivered or mailed to the trial judge, the clerk of the trial court, all appeal counsel of record, and all parties not represented by counsel." Since the Second Circuit's judgment denying rehearing was rendered on February 7, 2008, it is presumed that the Court followed its own rule and mailed notice of judgment to appellate counsel on that same day. The 30-day period of limitations prescribed by Rule X expired on weekend of March 8-9, and since those days were legal holidays, the undersigned believes that the last day for filing would have been extended to Monday, March 10, 2008, and therefore that date has been determined to be the date of finality of judgment for the purposes of this Report.

pending and the limitations period began to run anew.  Thereafter, a period of 340 days (or 11 months, 5 days) elapsed before petitioner filed his federal *habeas* petition.

In other words, a period of 532 days elapsed un-tolled between the time petitioner's judgment of conviction and sentence became final by the conclusion of the time for seeking further direct review  and the date he filed his federal petition. Since more than one un-tolled year elapsed his claims are time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

## *2. Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case.  The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.  Finally, he

pending and the limitations period began to run anew.  Thereafter, a period of 340 days (or 11 months, 5 days) elapsed before petitioner filed his federal *habeas* petition.

In other words, a period of 532 days elapsed un-tolled between the time petitioner's judgment of conviction and sentence became final by the conclusion of the time for seeking further direct review  and the date he filed his federal petition. Since more than one un-tolled year elapsed his claims are time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

## *2. Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case.  The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.  Finally, he

cannot contend that he has been diligent in the pursuit of his rights. To the contrary, petitioner allowed a period of almost two years to expire before filing this petition.

### 3. Exhaustion of State Court Remedies

Even if the petition were not subject to dismissal as time-barred, it would be subject to dismissal on other grounds. Since petitioner contests the custody associated with the judgment of a State court his *habeas* petition is authorized by the provisions of 28 U.S.C. §2254 which also provides,

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"The exhaustion requirement 'is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.' " *Moore v. Quarterman*, 491 F.3d 213, 220 (5th Cir.2007)(quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir.2003)).

To satisfy the exhaustion requirement, the *habeas* petitioner must have fairly presented the substance of his federal *habeas corpus* claims to the highest state court. *Vasquez v. Hillery*, 474 U.S. 254, 257-58, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir.2005). In Louisiana, the highest court is the Louisiana Supreme Court, therefore, in order to satisfy the statutory and jurisprudential requirement of exhaustion, a *habeas corpus* petitioner who seeks to collaterally attack his Louisiana conviction must have presented his

cannot contend that he has been diligent in the pursuit of his rights. To the contrary, petitioner allowed a period of almost two years to expire before filing this petition.

### 3. Exhaustion of State Court Remedies

Even if the petition were not subject to dismissal as time-barred, it would be subject to dismissal on other grounds. Since petitioner contests the custody associated with the judgment of a State court his *habeas* petition is authorized by the provisions of 28 U.S.C. §2254 which also provides,

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"The exhaustion requirement 'is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.' " *Moore v. Quarterman*, 491 F.3d 213, 220 (5th Cir.2007)(quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir.2003)).

To satisfy the exhaustion requirement, the *habeas* petitioner must have fairly presented the substance of his federal *habeas corpus* claims to the highest state court. *Vasquez v. Hillery*, 474 U.S. 254, 257-58, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir.2005). In Louisiana, the highest court is the Louisiana Supreme Court, therefore, in order to satisfy the statutory and jurisprudential requirement of exhaustion, a *habeas corpus* petitioner who seeks to collaterally attack his Louisiana conviction must have presented his

claims in a procedurally correct manner to the Louisiana Supreme Court before raising those claims in federal court.

The pleadings, exhibits, and published jurisprudence of the State of Louisiana reveal that petitioner has not exhausted available State court remedies. Petitioner has not litigated his *habeas corpus* claims in Louisiana's Supreme Court and his failure to exhaust those state court remedies also mandates dismissal of his petition.

### *4. Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d);

In the alternative,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITHOUT PREJUDICE** because petitioner has not exhausted available state court remedies prior to filing suit in Federal Court.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

**(14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe , Louisiana, December 21, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE